Dock B. BENNETT and Frona Bennett, Petitioners,

Dock B. Bennett, Transferee, Petitioner,

Frona Bennett, Transferee, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 71–1057.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 1971.

Charles R. Hembree, Lexington, Ky., for petitioners; Philip E. Wilson, Lexington, Ky., on brief; Kincaid, Wilson, Schaeffer, Trimble & Hembree, Lexington, Ky., of counsel.

Gary R. Allen, Atty., Tax Div., Dept. of Justice, Washington, D.C., for respondent; Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Elmer J. Kelsey, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the decision of the United States Tax Court upholding the Commissioner's determinations of deficiency and transferee liability for the years 1964–66.

The taxpayers contracted to sell their insurance agency. It was agreed in writing that 80 per cent of the sale price was the consideration for a covenant by the taxpayers not to compete. Reference is made to the Tax Court opinion, 39 P–H Memo TC 1340, ¶ 70,273 (1970), for a detailed recitation of the facts.

The sole issue is whether the taxpayers have adduced sufficient evidence to show that the price allocation to covenants not to compete as set forth in the written contract for the sale of the insurance agency did not reflect the realities of the transaction. Where, after arms-length bargaining, the parties have established the separate value of a covenant not to compete, strong proofs

are required to overcome the effects of their allocation. Montesi v. Commissioner of Internal Revenue, 340 F.2d 97, 100 (6th Cir.).

The Tax Court found that the covenants were a separately bargained for part of the sales agreement and that the taxpayers failed to meet their burden, by strong proofs or otherwise, to show the contrary. Our review of the evidence in the record demonstrates that these findings are not clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291; Fed.R. Civ.P. 52(a).

The Commissioner urges this court to adopt the rule of Commissioner of Internal Revenue v. Danielson, 378 F.2d 771 (3rd Cir.), cert. denied, 389 U.S. 858. The Tax Court declined to reach the question. In light of our decision under the "strong proofs" rule, it is not necessary for this court to reach the *Danielson* rule.

Affirmed.