Earl E. PACK

v.

UNITED STATES of America.

Civ. No. 3–77–58.

United States District Court, E. D. Tennessee, N. D.

May 9, 1977.

Glen R. Claiborne, Knoxville, Tenn., for plaintiff.

John F. Murray, Joe Vaulx Crockett, III, Dept. of Justice, Washington, D.C., John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## OPINION AS RENDERED FROM THE BENCH

ROBERT L. TAYLOR, District Judge.

This is an action for the refund of employment (F.I.C.A.) taxes covering the first quarter of 1975. The United States has filed a counterclaim for back employment taxes allegedly due for the years 1972 and 1973. The sole issue formulated by the parties and set forth in the pre-trial order is whether certain truck drivers are employees of plaintiff or independent contractors.

During the years in question, plaintiff conducted a truck leasing operation with Bowman Transportation Company (Bowman). A separate lease agreement was entered into for each vehicle leased by plaintiff to Bowman. The agreements entered into provided, among other things, that plaintiff would furnish drivers, and that the drivers would be employees of plaintiff rather than Bowman:

"Owner will drive or operate said vehicle(s) or furnish a driver (and helper, where required) who shall be satisfactory to Bowman, but who shall be the employee or employees of the owner, and not Bowman. Any driver (including the owner if he shall drive himself) shall comply with all safety regulations of Bowman, the Interstate Commerce Commission, and the United States Department of Transportation at all times."

Plaintiff further agreed to pay for all costs of operating and maintaining the trucks, including, by way of illustration, the cost of:

(1) Gasoline, diesel fuel, etc.
(2) All the license taxes, use taxes, etc.
(3) Fire and theft and collision insurance, etc.
(4) All tolls for the use of highways and bridges unless the owner is directed in writing by Bowman to use a particular highway or bridge requiring payment of a toll.
(5) All weight taxes, ad valorem taxes, revenue tags, fines, and temporary permits, etc.
(6) All loading and unloading labor and expense.
(7) All wages and other benefits for all drivers and/or helpers furnished by the owner.
(8) All cargo loss, damage and/or shortage claims except those covered by regular cargo insurance maintained by Bowman.
(9) The first $300.99 of any expense incurred as the result of damage to equipment including trailers, and tires, if furnished by Bowman, reasonable wear and tear excepted.

Bowman agreed to pay the cost of public liability and property damage insurance. It was agreed that no freight was to be transported by the drivers except at the direction of Bowman, and that the trucks would be operated in accordance with Bowman's rules, policies and practices, and all applicable state and federal laws. Plaintiff, however, was required to reimburse Bowman for any traffic tickets or fines levied on the drivers. Between Bowman and plaintiff, all drivers were considered agents of plaintiff in that plaintiff was liable for any damages caused to the trucks or cargo by the drivers.

Finally, each lease agreement specifically addressed the question of employment taxes. Clause 14 of the agreements provides as follows:

"Owner agrees that if drivers, helpers, or other personnel are hired by him in

connection with the operation of said vehicle, that all payments of social security taxes and withholding taxes under the Social Security Act, the Federal Insurance Contributions Act (F.I.C.A.) and the Internal Revenue Code will be paid by owner as and when due, for and on behalf of each such employee, and, that owner, will furnish to Bowman not less frequently than quarterly, satisfactory evidence that such taxes have been paid."

Section 3121(d)(2) of the Internal Revenue Code defines an employee as "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." Therefore, we must look to the common law to determine whether the truck drivers in this case are employees of plaintiff or independent contractors. *United States v. Silk*, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947); Treas.Reg. 31.-3121(d)–1, 31.3106(i)–1.

■ The Court has considered this question in many cases over the years, and recognizes that some of the factors to be considered in determining whether a person is or is not an independent contractor are the right to hire and fire and the right to control the general actions of the workman. Other factors have been mentioned by the Court during the trial, and, as indicated by counsel in their arguments, these are well set forth in *Avis Rent A Car v. United States*, 503 F.2d 423, 429 (2d Cir. 1974):

"(1) If the person receiving the benefit of a service has the right to control the manner in which the service is performed, the person rendering the service may be an employee.

(2) If a person rendering a service has a substantial investment in his own tools or equipment, he may be an independent contractor.

(3) If a person performing a service undertakes a substantial cost, say by employing and paying his own laborers, he may be an independent contractor.

(4) If a person performing a service has an opportunity to profit depending on his management skill, he may be an independent contractor.

(5) If a service rendered requires a special skill, the person rendering it may be an independent contractor.

(6) If the relationship between a person rendering a service and the person receiving it is permanent, it may be an employment relationship.

(7) If a person rendering a service works in the course of the recipient's business, rather than in some ancillary capacity, he may be an employee."

The lease agreements between Bowman and plaintiff are also entitled to consideration. *See Bennett v. Commissioner of Internal Revenue*, 450 F.2d 959 (6th Cir. 1971); *Commissioner of Internal Revenue v. Danielson*, 378 F.2d 771 (3d Cir. 1967); *Montesi v. Commissioner of Internal Revenue*, 340 F.2d 97 (6th Cir. 1965).

Having applied all the above factors to the case at hand, it is the judgment of the Court, and the Court so finds, that the truck drivers are not independent contractors. They are employees of plaintiff.

Accordingly, it is ORDERED that judgment be entered against plaintiff on the complaint and for the United States on the counterclaim.

Order Accordingly.